THE HANSON LAW FIRM
John W. Hanson, SBN: 214771
Elisa M. Swanson, SBN: 215361
548 Market Street, PMB 53441
San Francisco, CA 94104-5401
Phone: (858) 451-0291
Fax: (858) 451-0281
john@thesandiegolemonlawyer.com

Attorneys for Plaintiff
NICHOLAS PAPPAS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NICHOLAS PAPPAS, a Natural Person,<br><br>Plaintiff,<br><br>v.<br><br>FORD MOTOR COMPANY; a Delaware Corporation, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No. 3:21-cv-00584-BEN-KSC<br><br>PLAINTIFF'S MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR AWARD OF ATTORNEYS FEES AND COSTS<br><br>Complaint Filed: February 24, 2021<br>Action Removed: April 2, 2021<br><br>Date: October 18, 2021<br>Time: 10:30 a.m.<br><br>District Judge: Roger T. Benitez<br>Magistrate Judge: Karen S. Crawford |

# TABLE OF CONTENTS


I. Introduction ........ 6

II. Legal Argument ........ 7

- A. Purposes of Fee Shifting ........ 7
- B. Plaintiff is the "Prevailing Party" ........ 7
- C. Plaintiff's Fees Should Be Calculated Using the "Lodestar" Method ........ 8
- D. The Requested Lodestar Is Reasonable ........ 8
  - 1. Plaintiff's Counsel's Actual Time was Reasonable ........ 10
  - 2. Plaintiff's Counsel's Hourly Rates and Billed Hours are Presumed to be Reasonable ........ 10
  - 3. Plaintiff's Counsels' Billing Rates are Reasonable ........ 10
  - 4. Plaintiff's Counsel Charge Competitive Market Rates ........ 12
- E. Plaintiff is Entitled to His Fees in Litigating this Motion ........ 14
- F. Plaintiff's Costs and Expenses Should Be Reimbursed ........ 16
- G. The Court Should Award a Reasonable Multiplier ........ 17
  - 1. Delay in Payment ........ 17
  - 2. Contingent Risk ........ 17

III. Conclusion ........ 18

# TABLE OF AUTHORITIES

Cases

*Aho v. Americredit Fin. Servs.,*
(S.D. Cal. 2012) 2012 U.S. District. LEXIS 11000 .... 17

*Bankes v. Lucas*
(1992) 9 Cal.App.4th 365 .... 18

*Beeman v. TDI Managed Care Services*
(9th Cir. 2006) 449 F. 3d 206 .... 8

*Castro v. Superior Court*
(2004) 116 Cal.App.4th 1010 .... 17

*Cf. Center for Biological Diversity v. County of San Bernardino*
(2010) 185 Cal.App.4th 866 .... 12

*Chodos v. Borman*
(2015) 239 Cal.App.4th 707 .... 19

*Downey Cares v. Downey Community Development Commission*
(1987) 196 Cal.App.3d 983 .... 18

*Fassberg Const. Co. v. Housing Authority of City of Los Angeles*
(2007) 152 Cal.App.4th 720 .... 8

*Fisher v. DCH Temecula Imports, LLC*
(2010) 187 Cal.App.4th 601 .... 11

*Foreman v. National R.V., Inc.*
(1995) 34 Cal.App.4th 1072 .... 11

*Genzalyn v. BMW of North America, LLC*
(C.D. Cal. 2010) 697 F.Supp.2d 168 .... 13

*Goglin v. BMw of N. Am., LLC*
(2016) 4 Cal.App.5th 462 .... 14

*Graciano v. Robinson BMW Sales, Inc.*
(2006) 144 Cal.App.4th at 154 .... 14,15,17

*Harbour Landing-Dolfann, Ltd. v. Anderson*
(1996) 48Cal.App.4th at 260 .... 18

*Ketchum v. Moses*
(2001) 24 Cal.4th 1122 .... 12

*Krotin v. Porsche Cars of North America*
(1995) 38 Cal.App.4th 294 .... 10

*Lewis v. Robinson BMW Sales, Inc.*
(2007) 156 Cal.App.4th 359 .... 17

*Mandel v. Lackner*
(1979) 92 Cal.App.3rd 747 .... 16

*Maria P. v. Riles*
(1987) 43 Cal.3d 1281 .......... 12

*McKenzie v. BMW Motor Co.*
(2015) 238 Cal.App.4th 695 .......... 13

*Macquiddy v. Mercedes-Benz USA, LLC*,
233 Cal.App.4th 1036 (2015) .......... 4

*Natalini v. Import Motors, Inc.*,
(2013) 213 Cal.App.4th 587 .......... 17

*Nelson v. Pearson BMW Co.*
(2010) 186 Cal.App.4th 983 .......... 17

*Press v. Lucky Stores*
(1983) 34 Cal.3d 311 .......... 15

*Reveles v. Toyota by the Bay*,
57 Cal.App.4th 1139 (1997) .......... 4

*Robertson v. Fleetwood Travel Trailers of California, Inc.*
(2006) 144 Cal.App.4th 785 .......... 9, 11,15

*San Bernardino Valley Audubon Society v. County of San Bernardino*
(1984) 155 Cal.App.3d 738 .......... 12

*Santisas v. Goodin*
(1998) 17 Cal.4th 599 .......... 7

*Serrano v. Priest*
(1977) 20 Cal.3d 25 .......... 15

*Serrano v. Unruh*
(1982) 32 Cal.3d 621 .......... 16

*Skelton v. General Motors Corp.*,
(7th Cir. 1988) 860 F.2d 250 .......... 8

*Thompson v. 10,000 RV Sales, Inc.*
(2005) 130 Cal.App.4th 950 .......... 11,17

*Tolentino v. Friedman*
(7th Cir. 1995) 46 F.3d 645 .......... 12

*Woodland Hills Residents Assoc., Inc. v. City Council of Los Angeles*
(1979) 23Cal.3rd 917 .......... 12

## Statutes

California Civil Code:

§ 1794 .............................................................................................................. 13,14

California Code of Civil Procedure:
0

§ 1032(a)(4) .............................................................................................. 4,13,14

## Other Authorities

Pearl, *California Attorney Fee Awards*, at § 3.104 (3rd ed. Cal. CEB, 2017) ............... 12,16

Pearl, *California Attorney Fee Awards*, at § 10.42 (3rd ed. Cal. CEB, 2017) 12,16

## I. Introduction

Plaintiff consumer, Nicholas Pappas, is the prevailing party in his Song-Beverly Consumer Warranty Act ("Lemon Law") case, and is, therefore, entitled to recover his reasonable attorney's fees and costs from the defendant and warrantor, Ford Motor Company ("FORD"). Plaintiff respectfully requests the Court approve plaintiff's total lodestar of $37,157.00, consisting of plaintiff's attorney's fees in the amount of $36,658.00 (which includes time for this motion and anticipated time for reply), as well as costs and expenses of $499.00. Plaintiff also requests a modest multiplier on non-fee related amounts to account for the delay in payment and attendant risks associated with this case, which brings the total award requested to **$45,162.80**.

Plaintiff obtained [redacted] of his 2018 Ford F-150 pick-up truck. Plaintiff won approximately [redacted] to repurchase, and [redacted] thereby. (Hanson Decl. at ¶¶ 2-5, and exhibits cited.) Essentially, this case settled [redacted] with [redacted] dictated at trial. Every hour of work was reasonably incurred and eventually led to an excellent result for plaintiff. Defendant, for its part, was content to occasion significant fees through its own needless delays, (procedural and otherwise), needless work foisted on plaintiff, and needless jurisdictional wrangling – and all before finally settling for this amount. Defendant should not be heard to complain of the fees it occasioned now, especially in light of the excellent result achieved. Defendant is fully aware that the Lemon Law is a fee-shifting, consumer-protection law, and that the law mandates that a prevailing buyer in an action under the Song-Beverly Act "*shall* be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees *based on actual time expended*, determined by the court to have been *reasonably incurred* by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 1794 (d)(emphasis added).

/ / /

## II. Legal Argument

Federal courts have the power to award attorney fees under state laws. *Rodriguez v. County of Los Angeles*, 891 F.3d 776, 808 (9th Cir. 2018). When parties make fee claims under state law, federal courts must apply state law to determine entitlement to fees and the amount of those fees. *Beaty v. BET Holdings, Inc.*, 222 F.3d 607, 612 (9th Cir. 2000).

### A. Purposes of Fee Shifting

"The purpose of fee-shifting provisions in consumer laws is to encourage the enforcement of consumer rights, regardless of the low damages that might be involved." Richard M. Pearl, *California Attorney Fee Awards*, at § 3.104 (3rd ed. Cal CEB, 2017). California courts have repeatedly found that without fee-shifting, and the ability to obtain competent counsel, consumers would lose the practical ability to enforce their rights. "By permitting prevailing buyers to recover their attorney fees in addition to costs and expenses, our Legislature has provided injured consumers strong encouragement to seek legal redress in a situation in which a lawsuit might not otherwise have been economically feasible." *Robertson v. Fleetwood Travel Trailers of Cal., Inc.*, 144 Cal. App. 4th 785, 817 (Cal.App. 2006) (quoting *Murillo v. Fleetwood Enterprises, Inc.*, 17 Cal.4th 985, 994 (Cal. 1998).)

Concomitantly, a full fee award is necessary to ensure competent counsel will stay in the consumer-protection arena. *Skelton v. Gen. Motors Corp*., 860 F.2d 250, 253, 256 n.7 (7th Cir. 1988); *Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995); *Cf. Center for Biological Diversity v. County of San Bernardino*, 185 Cal.App.4th 866 (Cal.App. 2010); *San Bernardino Valley Audubon Society v. County of San Bernardino*, 155 Cal.App.3d 738(Cal.App. 1984); *Woodland Hills Residents Assoc., Inc. v. City Council of Los Angeles*, 23 Cal.3d 917 (Cal. 1979); *Maria P. v. Riles*, 43 Cal.3d 1281 (Cal. 1987).

### B. Plaintiff is the "Prevailing Party"

That plaintiff is the prevailing party is a settled issue in this case. Plaintiff has obtained more than full monetary recovery.[1] In the lawsuit, plaintiff will receive largely a full return of all monies paid or payable toward the vehicle (and without the statutorily prescribed mileage or other offset), all in return for transfer of the vehicle to Ford free and clear. Under any definition of "prevailing standards," there is no dispute plaintiff is the "prevailing party" under Civil Code section 1794. Plaintiff is, therefore, entitled to his attorneys' fees. Cal. Civ. Code § 1794(d).

**C. Plaintiff's Fees Should Be Calculated Using the "Lodestar" Method**

The existing attorney-fee lodestar amount (without multiplier and without inclusion of costs) is $33,598.00 incurred and additional $3,060.00 in fees anticipated. California law requires use of the "lodestar adjustment" method to determine attorney fee awards under California's consumer protection statutes. *Press v. Lucky Stores,* 34 Cal.3d 311, 322 (Cal. 1983) (fee awards "must be based on the lodestar adjustment method" and that it is "extremely important" and "fundamental" to use the lodestar method to fulfill the purposes of California's fee-shifting statutes); *Graciano,* 144 Cal.App.4th at 154 (Plaintiff's counsel here, Mr. Hanson, was plaintiff Graciano's appellate counsel.).

---

[1] Plaintiffs filed suit under Song-Beverly, and seeks his attorneys' fees pursuant to statute. Plaintiffs are the prevailing party under both applicable standards: (1) he obtained a net monetary recovery (*Reveles v. Toyota by the Bay*, 57 Cal.App.4th 1139, 1156-58 (Cal.App. 1997)); C.C.P. § 1032(a)(4)), and (2) he succeeded on a practical level by realizing his litigation objectives. *Macquiddy v. Mercedes-Benz USA, LLC*, 233 Cal.App.4th 1036, 1047 (Cal. App. 2015). "Prevailing party" is a term of art. However, it is well-established that, in deciding which party is the "prevailing party," courts are to adopt "…a pragmatic approach, determining prevailing party status based on which party succeeded on a practical level." *Graciano v. Robinson Ford*,144 Cal.App.4th 140, 150 (Cal.App. 2006) (citing *Castro v. Superior Court*, 116 Cal.App.4th 1010, 1018 (Cal.App. 2004)). Thus, the relief obtained through settlement qualifies a plaintiff as the prevailing party. *See Santisas v. Goodin,*17 Cal.4th 599, 621 (Cal. 1998). The *Graciano* court also noted, whether by settlement or otherwise, "[i]t is settled that 'plaintiffs may be considered 'prevailing parties' for attorney's fee purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit.'" *Graciano,* 144 Cal.App.4th at 153 (*quoting Hensley v. Eckerhart* (1983) 461 U.S. 424).

The lodestar adjustment method has three steps: (1) determine the number of hours reasonably spent litigating the case; (2) determine the reasonable hourly rate; and (3) consider the "adjustment factors" to determine whether a fee multiplier is warranted. *Serrano v. Priest,* 20 Cal.3d 25, 49 (Cal. 1977).

***The amount of attorney's fees must not be tied to any percentage of the recovery.*** Fee awards under consumer statutes are instead to be based upon the actual time it took to achieve the consumer's objectives. *Robertson v. Fleetwood Travel Trailers of California, Inc*., 144 Cal.App.4th 785, 817 (Cal.App.2006) (referring to attorney's fees under another consumer protection statute and holding "the plain wording of the statute requires the trial court to base the fee award upon actual time expended on the case, as long as such fees are reasonably incurred- both from the standpoint of time and the amount charged").

Defendant FORD knew or should have know this was a defective vehicle from *before* the lawsuit, and knew that dragging a winning case to federal court would only serve to necessarily drive up litigation costs. Counsel do not need the personal assistance of the federal judiciary and the front-loaded disclosure rules of federal procedure in order to resolve state-law cases that, at best, barely qualify for federal jurisdiction, if at all. FORD, of course, is uniquely positioned with practically total access to every key witness, record, and expertise even before formal litigation. FORD has warranty repair records, contractually obligated franchise repair facilities and dealerships, a fleet of experts, and an entire department just to review and collect materials regarding possible lemon law cases. Why does this manufacturer focus on gaining every real or perceived advantage, rather than simply resolving cases as promptly and efficiently as possible? Nevertheless, FORD chose here to fight for every procedural advantage: removal to federal court with its early demands for disclosures and meetings, and lengthy early settlement conferences, refusal to stipulate to amendment of the Complaint, refusal to stipulate to a protective order, etc. FORD even pushes the procedural (and invasive) discovery advantage of one-way fee bill disclosures often required at ENE's (if the defendant so demands), which counsel demands in every case no matter the details.

Whatever the reasons, consumers have the right to vigorously oppose such litigation efforts, as occurred here, and deserve full compensation for doing so.

**D. The Requested Lodestar Is Reasonable**

**1. Plaintiff's Counsel's Actual Time was Reasonable**

Submitted in support of this motion is a detailed listing of the legal services actually performed in connection with the prosecution of this action by plaintiff's counsel. (Hanson Decl., **Exh. 5**.) The itemized fee bill shows that none of the billed time was spent on tasks that were unnecessary, duplicative, or unreasonable. (*Id*.)

All of the services plaintiff's counsel rendered were necessary to competently and professionally litigate this case. (Hanson Decl., ¶¶ 34-37.) Given all of the work that went into this case and the outcome achieved, the time spent by plaintiff's counsel in prosecuting this action was reasonable and necessary.

**2. Plaintiff's Counsel's Hourly Rates and Billed Hours are Presumed to be Reasonable**

Absent a contrary showing, both (1) the number of hours that the prevailing party's attorney spent litigating the case, and (2) his or her regular hourly rate are presumed to be reasonable. *Serrano v. Unruh* (1982) 32 Cal.3d 621, 639 (counsel is entitled to all hours actually spent, absent a showing of "special circumstances" that would render such an award unjust); *Mandel v. Lackner* (1979) 92 Cal.App.3d 747, 761 (an attorney's regular hourly rate is entitled to a presumption of reasonableness); Pearl, *California Attorney Fee Awards*, at §§ 12.14A, 12.33 (2nd ed. 2005). In fact, in *Graciano v. Robinson Ford*, the court of appeal found it was an abuse of discretion to reduce the rate of all plaintiff's counsel's attorneys to $250 per hour, finding that plaintiff's counsel had established that their higher rates were reasonable. *Graciano*, 144 Cal.App.4th at 155-156.

**3. Plaintiff's Counsels' Billing Rates are Reasonable**

Plaintiff's counsel's rate is $510 per hour, and is reasonable. Plaintiff's counsel, John Hanson, has been practicing for over 20 years, and his current billing rate is $510 per hour. Although plaintiff's counsel almost without fail resolves fee issues by negotiation, state and federal courts have consistently upheld plaintiff's counsel's hourly rates. Mr. Hanson's and

Ms. Swanson's current hourly rates were most recently approved in San Diego Superior Court by the Honorable Timothy Taylor on February 7, 2020 (awarding full lodestar with no reductions), the Honorable Ronald L Styn on November 27, 2019 and the Honorable Kenneth J. Medel on July 12, 2019, just as Mr. Hanson's current rate has been approved in this court and others for several years. (Hanson Decl., (citing, *inter alia*, *Torres v. Kia Motors America, Inc.*, 37-2018-00039751-CU-BC-CTL, February 7, 2020; *Zawaideh v. BMW of North America, LLC*, San Diego Superior Court, 37-2017-00034741-CU-BC-CTL, July 12, 2019 (approving $510 hourly rate and all hours); see also, *Porter v. FCA US LLC*, RG18894616, March 8, 2019, Alameda Superior Court (approving $510 hourly rate), *Bicana v. Honda Cars of Corona*, Riverside Superior Court; *Kays v. Arredondo Motors*, Kern County Superior Court; *Bradwell v. Lobel Financial*, San Diego Superior Court; and *In re AmeriCredit Financial Services Litigation*, United States District Court, Southern District of California.)

Mr. Hanson has, for the vast majority of his time in practice, specialized in consumer protection cases including violations of the Song-Beverly Consumer Warranty Act, as well as other state and federal consumer protection laws. Mr. Hanson teaches a college course in consumer law, is a frequent lecturer at state and national consumer-law conventions, and has conducted numerous community education and training courses for consumers, including local military personnel, regarding consumer rights and car buying. Mr. Hanson's education and experience are further detailed in Mr. Hanson's declaration.

Mr. Hanson's practice has been successful. In addition to providing over $600,000,000 of relief to California consumers through his individual and consumer class action practice, Mr. Hanson has been a successful appellate practitioner on consumer rights issues. Plaintiff's counsel has successfully litigated several cases that resulted in published decisions advancing consumer rights in California: *Thompson v. 10,000 RV Sales, Inc.*, 130 Cal.App.4th 950 (Cal.App. 2005); *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal.App.4th 140 (Cal.App.2006); *Lewis v. Robinson Ford Sales, Inc.,* 156 Cal.App.4th 359 (Cal.App. 2007) ; *Nelson v. Pearson BMW Co.*,186 Cal.App.4th 983(Cal.App.2010); *Beeman v. TDI Managed Care Services*, 449 F.3d 206 (9th Cir. 2006); *Aho v. AmeriCredit Fin. Servs*., 2012 U.S. Dist.

LEXIS 11000 (S.D. Cal. Jan. 31, 2012); *Natalini v. Import Motors, Inc*., 213 Cal. App. 4th 587(Cal.App.2013), *inter alia*. Mr. Hanson also for several years represented local non-profit consumer rights organizations, such as UCAN and the Privacy Rights Clearinghouse. *See Thermoview Industries, Inc. v. Utility Consumers Action Network*, 2004 Cal. App. Unpub. LEXIS 10184 (successfully defending UCAN against a defamation lawsuit brought by a publicly-traded company regarding UCAN's reviews of its products).

**4. Plaintiff's Counsel Charges Competitive Market Rates**

Plaintiff has attached declarations from several consumer lawyers of comparable experience, and whose similar hourly rates have been approved in San Diego County and elsewhere in California. (See Hendrickson Decl., Anderson Decl., Babbitt Decl.) Orange County attorney Mr. Anderson charges $750 per hour, and has been practicing since 1995. Mr. Hendrickson charges $500 per hour, which rate has been approved in San Diego County, and has been practicing since 2008. Finally, Mr. Babbitt, who practices primarily in San Diego, charges $530 per hour and has been practicing since 1998. Mr. Hanson's rate of $510 is comparable with the court-approved and prevailing rates of other practitioners of similar experience. *See*, *Goglin v. BMW of North America, LLC* (2016) 4 Cal.App.5th 462 (finding $575 per hour rate in a San Diego County consumer case against an auto warrantor to be reasonable). In 2020, this Court approved $650 per hour for the same attorney that was counsel in *Goglin*. *Luna v. BMW of North America, LLC*, 3:17-cv-02067-BEN-KSC (S.D.Cal., August 17, 2020)(ROA 76)(Mr. Lindsey).

Mr. Hanson's hourly rate is also closely in line with similarly experienced consumer lawyers across California according to a widely-cited and court-approved survey.[2] The

[2] Courts frequently consider and use survey data in decision making involving fee disputes, finding it an economical and impartial means of determining contested fee issues. See, e.g., *Crafton v. Law Firm of Jonathan B. Levine*, 2014 U.S. Dist. LEXIS 29690 (E.D. Wis. Mar. 7, 2014) ("Several courts in this District have recognized the Fee Survey as a reliable resource in determining the reasonableness of an attorney's hourly rate, particularly in conjunction with consideration of counsel's experience.") ; *Moreland v. Dorsey Thornton & Assocs., LLC*, No. 10-CV-867, 2011 U.S. Dist. LEXIS 54487, 2011 WL1980282, *3 (E.D. Wis. May 20, 2011) (relying on counsel's website, which lists the attorney profiles, along with the United States Consumer Law Attorney Fee Survey in determining that the requested hourly rate was

reasonable); *House v. Shapiro & Price,* No. 10-CV-842, 2011 U.S.Dist.LEXIS 38322, 2011 WL 1219247 (E.D. Wis. Mar. 30, 2011)(same); *Suleski v. Bryant Lafayette & Assocs*., No. 09-CV-960, 2010 U.S. Dist. LEXIS 55353, 2010 WL1904968 (E.D. Wis. May 10, 2010) (same).") *Davis v. Hollins Law*, 2014 U.S. Dist. LEXIS 81024, 10-12 (E.D. Cal. June 10, 2014) ("Plaintiff also relies on the United States Consumer Law Attorney Fee Survey Report 2010-2011. The court has reviewed the methodology underlying the Survey, and finds it credible"); *Decker v. Transworld Systems, Inc*., 2009 WL 2916819, N.D. Ill., 2009, September 01, 2009 (finding results in the 2007 United States Consumer Law Attorney Fee Survey Report to be supported by the Laffey Matrix); *Beach v. LVNV Funding, LLC*, 2013 U.S. Dist. LEXIS 162926 (E.D. Wis. Nov. 15, 2013)("... several courts in this District have recognized the Fee Survey as a reliable resource in determining the reasonableness of an attorney's hourly rate, particularly in conjunction with consideration of counsel's experience.") *Lockmon v. Thomas F. Farrell, P.C.*, No. 12-cv-02319-CMA-MEH, 2012 U.S. Dist. LEXIS 178661, 2012 WL 6590426, at *3 (D. Colo. Dec. 18, 2012)("the Court finds that the average rates set forth in the [Consumer Law Attorney Fee] Survey are reasonable"); *LaFountain, Jr v. Paul Benton Motors of North Carolina, LLC*, 2010 WL 4457057, (E.D. N.C., November 5, 2010) (Senior US District Judge James C. Fox specifically finds the US Consumer Law Attorney Fee Survey Report to be persuasive, after rejecting the National Law Journal's fee survey Laffey Matrix as unpersuasive in consumer law cases: "The court does, however, find the evidence in the United States Consumer Law Attorney Fee Survey to be persuasive"); *Ramirez v. N. Am. Asset Servs., LLC*, 2012 U.S. Dist. LEXIS 54641 (C.D. Cal. Apr. 9, 2012) (stating that the argument opposing the Survey was "untethered" to reality in light of the Survey report's resulting data); *Lindenbaum v. NCO Fin. Sys.,* 2011 U.S. Dist. LEXIS 78069 (E.D. Pa. July 18, 2011) (using both the US Consumer Law Attorney Fee Survey Report and the US Attorney's Laffey Matrix in determining a fee award); *Suleski v. Bryant Lafayette & Associates*, 2010 WL 1904968, E.D. Wis.,2010., May 10, 2010 ("However, the United States Consumer Law Attorney Fee Survey for 2008-09 for the Midwest and California, see www.consumerlaw.org/feesurvey..., supports the reasonableness of the hourly rates sought by counsel in light of their experience"); *Vahidy v. Transworld Systems, Inc.,* 2009 WL 2916825, N.D. Ill., 2009., September 01, 2009 (finding results in the 2007 United States Consumer Law Attorney Fee Survey Report to be "supported by the Laffey Matrix"); *Bratton v. Thomas Law Firm PC*, 943 F. Supp. 2d 897 (N.D. Ind. 2013)("In *Moore v. MidlandCredit Mgmt., Inc*., No. 3:12-CV-166-TLS, 2012 U.S. Dist. LEXIS 176600, 2012 WL 6217597 (N.D. Ind. Dec. 12, 2012), this Court recently analyzed the applicability of both the Consumer Law Attorney Fee Survey Report and the Laffey Matrix. The Court found that the Report "provides a general range for billing rates that is useful as one factor in a court's multi-factor analysis." 2012 U.S. Dist. LEXIS 176600, [WL] at *4."); *Beach v. LVNV Funding*, LLC, 2013 U.S. Dist. LEXIS 162926 (E.D. Wis. Nov. 15, 2013). ("As Beach points out, several courts in this District have recognized the Fee Survey as a reliable resource in determining the reasonableness of an attorney's hourly rate, particularly in conjunction with consideration of counsel's experience."). For California cases, see *Krapf v Nationwide Credit, Inc.,*2010 WL 4261444,C.D.Cal.,October 21, 2010; *Broad. Music Inc. v. Antigua Cantina & Grill, LLC*, 2013 U.S. Dist. LEXIS 72122 (E.D. Cal. May 20, 2013); Brown v. Mandarich Law Group, LLP, 2014 U.S. Dist. LEXIS 47020 (N.D. Cal. Apr. 2, 2014); *Castro v. Commercial Recovery Sys.,* 2014 U.S. Dist. LEXIS 33675 (N.D. Cal. Mar. 13, 2014); *Garcia v. Resurgent Capital Servs*., 2012 U.S. Dist. LEXIS 123889 (N.D. Cal. Aug. 30, 2012); *De La Torre v. Legal Recovery Law Office*, 2014 U.S. Dist. LEXIS

United States Consumer Law Attorney Fee Survey Report for 2015-2016, found that the average hourly rate for California consumer lawyers with 21-25 years experience was $513 per hour. Again, this is almost exactly the same as Mr. Hanson's $510 per hour rate. (Hanson Decl. ¶¶ 9-15, **Exh. 4** (relevant portions of the United States Consumer Law Attorney Fee Survey Report).) The rates in the fee survey are examined by location, firm size, practice area, and years of practice. Based on plaintiffs' counsels' location, firm size, practice area, and years in practice, their rates are either exactly equivalent to prevailing market rates or lower, and are therefore reasonable and competitive. (Hanson Decl., Babbitt, and Hendrickson Declarations.)

**E. All Time Was Reasonably Expended**

There is a strong presumption that the lodestar, which includes all hours reasonably spent, is a reasonable fee. *See Perdue v. Kenny A*., 559 U.S. 542, 551 (2010); *Morales v. City of San Raphael*, 96 F.3d 359, 363, 364 n.8 (9th Cir. 1996); *Ketchum v. Moses*, 24 Cal.4th 122, 1133 (Cal. 2001); *Flannery v. Prentice*, 26 Cal.4th 572, 583 (2001).

The proper question is whether the fee time was reasonably calculated to advance and protect the client's interests in pursuit of the ultimate result achieved. *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983)(appropriate number of hours includes "all time reasonably expended in pursuit of the ultimate result…"); *Robertson v. Fleetwood Travel Trailers*, 144 Cal.App.4th 785, 818 (Cal.App. 2006)(prevailing party must show the "fees incurred were reasonably necessary to the conduct of the litigation, and were reasonable in amount.").

Courts by and large should rely on the prevailing attorney's professional judgment regarding what was reasonably required, and should not strictly limit time to either efforts demonstrably productive or to the theoretically least amount of time possible for particular tasks. *Norman v. Housing Auth*., 836 F.2d 1292, 1306 (11th Cir. 1988)("The measure of reasonable hours is determined by the profession's judgment of the time that may be

---

128220 (S.D. Cal. Sept. 12, 2014); *Verdun v. I.C. Sys*., 2014 U.S. Dist. LEXIS 52238 (S.D. Cal. Apr. 14, 2014); *Delalat v. Syndicated Office Sys*., 2014 U.S. Dist. LEXIS 33756 (S.D. Cal. Jan. 23, 2014); *Crawford v. Dynamic Recovery Servs*., 2014 U.S. Dist. LEXIS 4057 (S.D. Cal. Jan. 10, 2014); *Breidenbach v. Experian*, 2013 U.S. Dist. LEXIS 82093 (S.D.Cal. June 11, 2013).

conscionably billed and not the least time which it might theoretically have been done."); *Thayer v. Wells Fargo Bank*, 92 Cal.App.4th 819, 839 (Cal.App. 2001)("Compensation should not be strictly limited to efforts that were demonstrably productive."); *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111, 1112 (9th Cir. 2008)("By and large, the court should defer to the winning lawyer's professional judgement as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker.")

The key points here are that the plaintiff not only prevailed, but achieved an exceptional result that far exceeded defendant's statutory obligations. Simply prevailing alone should ordinarily justify a full fee award, and here plaintiff's result was exceptional.

Plaintiff's counsel has provided detailed time-slip records, as well as a detailed declaration discussing time expended by task and category. (Hanson Decl. at ¶¶ 34-36(A)-(I), **Exh. 5**.) The case is still being actively litigated after seven months, and has involved several issues to be fully or partially briefed (motion to remand, motion for fees and costs, motion to amend), two ENEs and two ENE briefs, as well as initial formal discovery.

The time required by the opposing party's tactics is often highly probative. *Weeks v. Baker & McKenzie*, 63 Cal.App.4th 1128, 1175 (Cal.App. 1998)("attorney who takes such a case can anticipate receiving full compensation for every hour spent litigating a claim against even the most polemical opponent."); *Stokus v. Marsh*, 217 Cal.App.3d 647, 657 (Cal.App. 1990)(noting "stout resistance" by losing party); *U.S. v. $28,000 in U.S. Currency*, 802 F.3d 1100, 1108 n.2 (9th Cir. 2015)(noting opposition tactics and stating "claimant should not be concerned that his attorney is advocating less than zealously out of fear that the district court will take a different view of what the case required and reduce any fee accordingly.")

Here we can see clear examples of how the defense drove time expenditures up. For example, defendant unnecessarily and questionably removed to federal court *immediately* upon announcing a willingness to repurchase the vehicle, (Hanson Decl.¶¶ 6-8, 37). This was followed by defendant's equally immediate abandonment of any informal settlement negotiations, and instead requiring plaintiffs to go through the time-consuming initial disclosure and discovery process and subsequent and multiple Early Neutral Evaluation

Conferences. (Hanson Decl.¶¶ 6-8, 37.) Yet again, defendant refused to stipulate to remand or to stipulate to allow an amended complaint, both of which would have ultimately meant remand to state court where the case began. Another example was defense counsel's immediate demand that they would use the ENE process to gain discovery of the plaintiff's sensitive and confidential billing records, no matter what the parties' positions were – and would also refuse to share their own billings in return. It seems inexplicable in a lemon-law fee-shifting case, for a defendant to require formal initial disclosures and conferences and briefs, and to move jurisdictions, when it had apparently already determined (at one point at least) it would not prevail in litigation. This is even more inexplicable because defendant Ford, after all, has access to all the key evidence in its files -- of its warranty repair records, and those of its franchise dealerships, and its employee and agent witnesses – already and has already determined it had to repurchase. Why make plaintiff jump through these litigation hoops, only to pay more than ever, and then to complain of fees?

**F. Plaintiff is Entitled to His Attorney Fees for Litigating this Motion**

In *Ketchum v. Moses* (2001) 24 Cal.4th 1122, the California Supreme Court held that attorney's fees and costs should include all fees and costs expended, including those spent in the effort to recover attorney's fees and costs. Otherwise, the purpose of statutory fee authorizations "will often be frustrated, sometimes nullified, if awards are diluted or dissipated by lengthy, uncompensated proceedings to fix or defend a rightful fee claim." *Id.*, at 1133 (citations omitted); *see also Downey Cares v. Downey Community Development Commission* (1987) 196 Cal.App.3d 983, 997; *Bankes v. Lucas* (1992) 9 Cal.App.4th 365, 368; *Harbour Landing, Lt v. Anderson* (1996) 48 Cal.App.4th 260, 263.

Accordingly, Plaintiff's counsel is entitled to compensation for the time spent in litigating the issue of attorney's fees which are included and itemized in the pending fee request. Plaintiff's counsel spent 13.2 hours drafting this motion, which is included in the bill. Plaintiff's counsel also anticipates spending an additional six (6) hours to research and prepare a reply brief (and possibly prepare for and attend any hearing on the motion), for an additional $9,972.00 in fees.

**G. Plaintiff's Costs and Expenses Should Be Reimbursed**

The Song-Beverly permits a prevailing party to recover their costs. Civil Code Section 1794. Therefore, Plaintiff is entitled to all requested costs. *See Chodos v. Borman* (2015) 239 Cal.App.4th 707, 714-715. Plaintiff submits costs in the amount of $499.00.

**H. The Court Should Award Plaintiff A Reasonable Multiplier**

The California Supreme Court has held that multipliers are permitted. *Ketchum*, 24 Cal.4th at 1135-36. Moreover, the Courts of Appeal have upheld multipliers specifically in Song-Beverly actions. *Robertson*, 144 Cal.App.4th at 821-822. Two factors relevant to a multiplier in this case include: 1) the delay in receiving payment; (2) contingent risk. *Id*. at 819; *Ketchum*, 24 Cal.4th at 1132 & 1138; *Thayer v. Wells Fargo Bank* (2001) 92 Cal.App.4th 819, 838; *City of Oakland v. Oakland Raiders* (1988) 203 Cal.App.3d 78; *Etcheson v. FCA US LLC*, 30 Cal. App. 5th 831, 851(2018).

**1. The delay of payment.**

The Supreme Court stated that delay can create a cash flow problem for attorneys and payment today for services long-since rendered “deprives the recipient of the value of the money in the meantime.” *Graham v. Daimler Chrysler Corp.* (2004) 34 Cal.4th 553, 584. Plaintiffs' counsel paid nearly $500 in costs and expenses on plaintiff's behalf and spent over sixty-four (64) hours on this case since February 2021 without payment or reimbursement. (Decl. Hanson,.) Thus, plaintiff should be given a .1 enhancement on the non-fee related lodestar.

**2. Contingent Risk.**

"The primary purpose of risk enhancements is not to make up for other lost cases but 'to compensate for the *risk* of loss generally in contingency cases *as a class*.'" See Pearl, *California Attorney Fee Awards*, at § 10.42 (3rd ed. Cal. CEB, 2017)(citing *Beasley v. Wells Fargo Bank* (1991) 235 Cal.App.3d. 1407, 1419). "[R]isk multipliers... must be considered in every contingent statutory fee-shifting case. *Id.*, at § 10.42 (citing *Greene v. Dillingham Constr. N.A., Inc.* (2002) 101 Cal.App.4th 418, 428). Multipliers for contingent risk are commonly requested in lemon law cases and other statutory fee cases. *See Etcheson v. FCA*

*US LLC*, 30 Cal. App. 5th 831, 851(2018)(lemon law case, Court cites to authority finding contingency risk is one of the most common fee enhancers in such cases).

"The riskiness of winning a particular case is the crucial factor." Pearl, *California Attorney Fee Awards*, at § 10.42. Plaintiff's counsel undertook a risky case and stayed the course litigating this matter to its ultimate conclusion. This is an aging vehicle that had approximately 70,000 miles on it at the time the case was filed, which high mileage and age is a factor that manufacturers seize upon at trial and makes this a risky case beyond even the inherent risks associated with trying any case to verdict. (Hanson Decl. ¶16.) Lemon law cases have high risk levels, and this case is on the higher end of that scale as detailed in the declaration of counsel. (Hanson Decl. ¶¶ 16-33.) Notwithstanding defendant's resistance and vast resources, and only after significant time, did plaintiff's counsel obtain the desired result. Had plaintiff not prevailed, which was a substantial risk given the age and mileage of the vehicle, plaintiff's counsel would have received no payment for his fees. (Hanson Decl. ¶¶ 16-33.) Given the result and attendant risks, plaintiff should be given a .2 enhancement.

## III. Conclusion

Plaintiff's counsel fought hard and obtained a great result for Mr. Pappas. But for plaintiff's counsel's involvement in this case, plaintiff would never have obtained the settlement reached. Plaintiff's counsel respectfully requests that this Court issue its order consistent with the applicable law while recognizing counsel's contribution to plaintiff's recovery in spite of the attendant risks, difficulties, and delays. Thus, plaintiff seeks the following award:

| | |
|---|---|
| Attorneys' Fees/Lodestar: | $ 26,686.00 + $ 9,972.00 for fee application |
| Multiplier on non-fee time: | $ 8,005.80 |
| Total Fees (Multiplier + Lodestar): | $ 44,663.80 |
| Total Costs: | $ 499.00 |
| Total Fees and Costs Award: | **$ 45,162.80** |

/ / /

/ / /

Dated: September 17, 2021

THE HANSON LAW FIRM

By: ______________________________
John W. Hanson
Attorneys for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on September 17, 2021 I electronically filed the foregoing document using the CM/ECF system which will send notification of such filing to the e-mail addresses registered in the CM/ECF system, as denoted on the Electronic Mail Notice List.

John W. Hanson