1
2
3
4
5
6
7
8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   NICHOLAS PAPPAS,                     Case No.: 3:21-cv-00584-BEN-KSC

12                    Plaintiff,
                                          **ORDER GRANTING IN-PART**
13            v.                          **PLAINTIFF'S MOTION FOR**
                                          **ATTORNEY FEES AND COSTS AND**
14   FORD MOTOR COMPANY,                  **GRANTING MOTIONS TO FILE**
                                          **UNDER SEAL**
15
                      Defendants.
16                                        **[ECF Nos. 10, 12, 14, 20]**

17

18        Before the Court is Plaintiff Nicholas Pappas's ("Plaintiff") Motion for Award of

19   Attorney's Fees and Costs (ECF No. 10).  Defendant Ford Motor Company

20   ("Defendant") opposed, and Plaintiff replied.   The Court took the matter under

21   submission (ECF No. 22) and, having considered the Parties' pleadings, the Court grants

22   in-part Plaintiff's motion.

23                          I.  **BACKGROUND**

24        This is a Lemon Law case.  The Parties have already entered into a confidential

25   settlement agreement regarding compensation for Plaintiff and the Defendant's buy-back

26   of the subject vehicle and the only matter presently disputed is attorney's fees and costs.

27

28

This case was originally filed in California state court.  Before removing the case to this Court, Defendants made an offer to buy back the vehicle from Plaintiff for the full purchase price, plus costs and fees already incurred, less a mileage offset.  ECF No. 16-2.  Plaintiff did not accept the offer.  Seven weeks after this first offer, the Parties announced at the first ENE that they had reached a settlement.  ECF No. 23.  As part of the settlement, the Parties agreed to work out attorney's fees and costs via good faith negotiation, but that if such negotiations failed, the Court could resolve the matter.  *Id.*  After negotiations on fees failed, this motion followed.  Plaintiff seeks $48,947.80 in attorney fees and an additional $499 in costs.  ECF No. 19, 11.

## II. <u>LEGAL STANDARD</u>

"In diversity actions, federal courts look to state law in determining whether a party has a right to attorneys' fees and how to calculate those fees." *Base v. FCA US LLC*, No. 17-CV-01532-JCS, 2019 WL 4674368, at *2 (N.D. Cal. Sept. 25, 2019) (citing *Mangold v. Cal. Pub. Util. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995)).  Under California law, buyers who prevail in an action under the Song-Beverly Act are entitled "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer[.]"  Cal. Civ. Code § 1794(d) (West).

"A party is a prevailing party if the court . . . decides that the party has achieved its 'main litigation objective.' " *Bratton v. FCA US LLC*, No. 17-CV-01458-JCS, 2018 WL 5270581, at *3 (N.D. Cal. Oct. 22, 2018) (citing *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 150–51 (2006); then citing *Wohlgemuth v. Caterpillar Inc.*, 207 Cal. App. 4th 1252, 1262 (2012)).  "[C]onsumers who successfully achieve the goals of their litigation through a compromise agreement [do] not lose their statutory right to fees and costs" unless they expressly waived it in the compromise agreement. *See Wohlgemuth*, 207 Cal. App. 4th at 1262, 1263 n.10.

The Song-Beverly Act requires a trial court "to make an initial determination of the actual time expended [by the prevailing party's attorneys]; and then to ascertain whether

under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994).  "These circumstances may include, but are not limited to, factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved." *Id.*  The prevailing buyer has the burden of "showing that the fees incurred were allowable, were reasonably necessary to the conduct of the litigation, and were reasonable in amount." *Id.* (internal quotation marks and citation omitted).  The "[l]odestar analysis is generally the same under California law and Federal law." *Rodriguez v. Cty. of Los Angeles*, 96 F. Supp. 3d 1012, 1017 (C.D. Cal. 2014), *aff'd*, 891 F.3d 776 (9th Cir. 2018).

"California courts have [ ] held that the Song[-]Beverly Act permits the trial court to award a multiplier where it deems appropriate under the lodestar adjustment method." *Bratton*, 2018 WL 5270581, at *3.  The California Supreme Court has instructed that courts should consider the following factors, as relevant, in adjusting the lodestar:

> (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award. The purpose of such adjustment is to fix a fee at the fair market value for the particular action. In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill justifying augmentation of the unadorned lodestar in order to approximate the fair market rate for such services.

*Ketchum v. Moses*, 17 P.3d 735, 741 (Cal. 2001) (internal citation omitted).  Finally, "[a] court may also, 'for an appropriate reason,' make a downward adjustment under the lodestar adjustment method, for example where the court finds that time billed was excessive or that the tasks performed were in connection with unrelated claims upon which the party did not prevail." *Bratton*, 2018 WL 5270581, at *3.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III. <u>DISCUSSION</u>

**A. Prevailing Party**

Even though this case settled at the first ENE, Plaintiff argues that he is entitled to fees and costs as the prevailing party, relying on the cost provisions of the Song-Beverly Act. Defendant contends Plaintiff is not the prevailing party, as the Plaintiff accepted the same offer they originally rejected before removal of this case to federal court. Having reviewed the Defendant's initial offer to settle, the Plaintiff's complaint, and the Parties' settlement agreement, this Court finds the Plaintiff is the prevailing party. A party is a prevailing party if the court, guided by equitable principles, decides that the party has achieved its "main litigation objective." *Graciano v. Robinson Ford Sales, Inc.*, 14 Cal. App. 4th 140, 150-51 (2006). The settlement agreed upon between the parties provides Plaintiff a significantly higher payout than what was offered by Defendant in March 2021 and is for a higher amount that what would be statutorily required under the Song-Beverly Act. By refusing Defendant's offer and continuing litigation, Plaintiff secured a significantly higher payout for his vehicle. This Court finds Plaintiff is the prevailing party in this action. Having determined Plaintiff is the prevailing party, this Court now analyzes appropriate fees and costs.

**B. Fees and Costs Recoverable by Prevailing Party**

Under California law, buyers who prevail in an action under the Song-Beverly Act are entitled to "the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code section § 1794(d). *See Wohlgemuth v. Catepillar Inc.*, 207 Cal. App. 4th 1252, 1262 (2012) (holding that "consumers who successfully achieve the goals of their litigation through a compromise agreement" may recover attorney's fees and costs as

prevailing parties under the Song-Beverly Act).[1]  Thus, while the language of the act is mandatory, providing the buyer "shall" recover costs, including attorney's fees, it only requires payment of those costs and fees found to have been "reasonably incurred" in pursuing the claim.

"The fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the hourly rate." *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095 (2000).  The fee applicant bears the burden of documenting the appropriate hours expended in litigation; only those hours "reasonably expended" should be included in the initial calculation of the lodestar.  *Hensley v. Eckerhart*, 461 U.S. 424, 433-34 (1983).  Moreover, in determining "reasonable" compensation, we must consider whether the case was overstaffed or over-litigated." *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" will not be compensated.[2]  *Hensley*, 461 U.S. at 433-34.  It is improper, however, to limit a fee award under the Song-Beverly Act to a percentage of the prevailing party's recovery.  *Graciano* at 164.

Next, the Court addresses the reasonableness of the rates requested by Plaintiff's counsel.  The fee applicant has the burden of producing satisfactory evidence that the

---

[1]  California courts have found that in awarding fees under the Song-Beverly Act, the trial court must "make an initial determination of the actual time expended; and then [must] ascertain whether under all the circumstances of the case the amount of actual time expended and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 104 (1994).  In evaluating the reasonableness of counsel's charges, the court may consider "factors such as the complexity of the case and procedural demands, the skill exhibited and the results achieved." *Id*.  The prevailing party has the burden of showing that the attorney's fees it requests are reasonable.  *Id*.

[2]  A court may also, "for an appropriate reason," make a downward adjustment under the lodestar adjustment method, for example where the court finds that time billed was excessive or that the tasks performed were in connection with unrelated claims upon which the party did not prevail.  *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 161 (2006).

requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation. *Jordan v. Multnomah Cnty.*, 815 F.2d 1258, 1263 (9th Cir. 1987). As a general rule, the forum district represents the relevant legal community. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). Fee applicants may provide affidavits of practitioners from the same forum with similar experience to establish the reasonableness of the hourly rate sought. *See, e.g., Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000); *Jones v. Metro. Life Ins. Co.*, 845 F. Supp. 2d 1016, 1024-25 (N.D. Cal. 2012).

### i.     Reasonableness of Plaintiff's Rate

At the outset, the Court notes that Plaintiff has provided time sheets reflecting the time he spent on this litigation, broken down by specific tasks, although containing some less specific block billing entries. *See* ECF No. 13 at 102-115. The timesheets reflect the 64.9 hours of time billed at a requested rate of $510 per hour for Plaintiff's counsel. *Id*. Defendants claim this rate is too high and ask this Court to grant a rate of $350 per hour as the court did in *Aispuro v. Ford Motor Co.*, 2020 WL 4582677 (S.D. Cal. Aug. 10, 2020). The report relied on in *Aispuro* (the "2018 Real Rate Report: The Industry's Leading Analysis of Law Firm Rates, Trends, and Practices") showed partners practicing consumer litigation in this region generally have rates ranging from $300 to $625. *Id.* at 3. Plaintiff's counsel asks for a rate in the middle part of that range. In support if this request, Plaintiff provides an extensive background of its counsel's consumer law experience and the declarations of other attorneys who work in the area. While this Court accepts Defendant's argument that these declarations are in many cases self-serving, Plaintiff has established his rate based on his work experience independent of these declarations. With that established, the Defendant fails to provide evidence that Plaintiff's rate is unreasonable beyond pointing out a lower rate awarded in an unrelated case. Accordingly, this Court will calculate Plaintiff's attorney fees at a rate of $510.

ii.   <strong>Hours Reasonably Expended</strong>

Defendant objects to several portions of Plaintiff's expended hours. This Court will address each in turn.

a.   <u>Hours Billed After Initial Settlement Offer</u>

Defendant asks this Court to strike all hours billed after the initial settlement sent to Plaintiff on March 31, 2021.  Defendant argues that since Plaintiff accepted the same offer later at the first ENE, they needlessly litigated the case and should not be able to collect attorney's fees as a result.  As discussed above, though, the amount the Parties ultimately settled for is significantly greater than what was offered originally.  Accordingly, this Court will not categorically strike all billing after March 31, 2021.

b.   <u>Drafting of Initial Complaint</u>

Defendant argues Plaintiff's billing records are "rife with dubious and excessive billing entries for work on pleadings that are virtually identical to those filed . . . in the past." ECF No. 16 at 14.  Regarding the Complaint, Defendant points out that Plaintiff's counsel has used the same form complaint for several cases throughout the years and provided proof of prior complaints filed by the Plaintiff's counsel that are nearly identical besides the make, model, and VIN of the vehicle.  Defendant provided several examples of counsel for Plaintiff's prior pleadings and, having reviewed them, this Court finds that the Plaintiff's claim of three hours preparing the complaint is unreasonable based on the unchanged template used in filing Plaintiff's case.  The Court removes two and a half hours of time claimed prepared in filing the Complaint.

c.   <u>Review of Scheduling Order and Buyback Offer</u>

The April 5, 2021 billing entry states Plaintiff's Counsel "Review[ed] Scheduling order, review[ed] client docs and prep[ared] LL buyback offer."  ECF 13 at 111.  Defendant objects on the grounds that there was no scheduling order issued in the case and there was no offer to buyback ever received from Plaintiff.  Defendants are incorrect in asserting there was no scheduling order.  See ECF No. 4.  This Court agrees with Defendant, though, that attorney fees are inappropriate for work done that did not

7

3:21-cv-00584-BEN-KSC

advance the case.  Seeing as how this case settled at the first ENE, Plaintiff's buyback offer allegedly prepared on April 5 may have settled this case weeks before and saved both sides extensive time and effort in preparing for litigation.  The Court strikes 1.5 hours from this entry, allowing Plaintiff's counsel to claim .2 hours for reviewing a straight-forward seven-page scheduling order.

### d.  Plaintiff's Motion to Remand and Reply

Defendants ask this Court to reject the entire time Plaintiff's counsel spent on the Motion to Remand and subsequent reply, totaling 7 hours.  Defendants incorrectly assert Plaintiff's counsel used the same brief from two other cases recently filed in this district (*Canseco v. Ford Motor Co.*, 21-CV-425-BEN-RBB, ECF No. 6-1; *Potts v. Ford Motor Co.*, 21-CV-256-BEN-BGS, ECF No. 11-1).  Plaintiff's counsel did not handle these cases.  This Court will not deduct time for Plaintiff's Motion to remand.  Regarding the reply, though, this Court strikes the entirety of the 3.2 hours billed.  Plaintiff and Defendant reached a settlement before Plaintiff's counsel undertook the effort to draft the reply.  This billed work did not advance Plaintiff's case and was unnecessary based on the Parties' pending settlement.  "[H]ours that are excessive, redundant, or otherwise unnecessary" should be excluded. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012).

### e.  Research on the Court's Discovery Order

Defendant challenges 10.3 hours Plaintiff's counsel spent researching issues related to the Magistrate Judge's discovery order (ECF No. 4).  Defendant fails to specify which of the billing records comprises these 10.3 hours, but Plaintiff's counsel admits in their reply that 3.5 hours were spent on the issue Defendant objects to.  With that established, this Court strikes 3 hours of the 3.5 claimed.  ECF No. 4 is a routine discovery order, including disclosure of billing records in attorney fees routinely used in federal litigation.  While Plaintiff may have needed to get up to speed on federal litigation, the amount billed is excessive for such a routine, uncontested matter like the basic discovery plan and what to expect at a first ENE.

f.   <u>Motion for Fees and Costs</u>

Defendant asks this Court to reject the entirety of the hours billed by Plaintiff in filing the motion and reply on the present matter.  Defendant points out that the motion is essentially a carbon copy of a motion filed in another of case tried by counsel for Plaintiffs.  *See Zawaideh v. BMW of North America, LLC*, No. 37-2017-00034741-CU-BC-CTL.  Plaintiff's counsel counters that he was required to research federal law on the matter as it was his first attorney's fees case in federal court.  The Court agrees with Defendant and strikes the entirety of time billed for the motions for attorney's fees.

Plaintiff's counsel's claim that he needed to research federal law on the matter is undercut by the fact that state law governs the present motion.  In the present motion, all but one case cited by Plaintiff's counsel is a California state case.  The only federal case cited was another case he had tried in which the Court approved the $510/hour fee.  This Court will not allow Plaintiff's counsel to claim time for completely unnecessary research.

The present motion contains an argument supporting the rates of a "Ms. Swanson."  While this individual is named in the caption of Plaintiff's counsel's firm, she is not listed as having worked on any of the billing entries for Plaintiff's case.  In *Pollard v. FCA*, the court struck the time billed for a motion for attorneys' fees because the motion "substantially resembled" and in many cases was identical to a fee motion before the that court in another case.  *Pollard v. FCA US LLC*, 17-CV-00591-JLS-JCG, 2020 WL 57270, at *5 (C.D. Cal. January 3, 2020).  This Court finds this rationale persuasive.  The table of authorities is identical to those filed in other cases, an attorney who didn't work on the case is listed in the argument supporting the fee schedule, and the declarations from other attorneys are unchanged from those provided in an attorneys' fees motion in 2019.  Plaintiff's counsel cannot expect Defendant to foot the bill for a motion substantially prepared in a separate case two years ago.

### iii.   Whether a Multiplier is Warranted

Plaintiff asks this Court to award a positive lodestar multiplier of .1 for the non-fee related work and a .2 positive multiplier for the remainder of the work performed. Defendant argues no multiplier is warranted here.  The Court agrees with Defendant. Here, there was no contingent risk or extraordinary legal skill that would justify a positive multiplier.  Plaintiff's risk of not recovering attorney's fees was relatively low in this case.  Attorneys' fees are guaranteed to prevailing parties under the Song-Beverly Act and Plaintiff's case was strong enough that it was unlikely upon accepting Plaintiff's case that he would recover nothing in damages.  Moreover, the Court finds this to be a very standard Lemon Law case, particularly exemplified by Plaintiff's use of form pleadings and slightly reworked motions from previous litigation, as well as the very early settlement reached between the parties.   Regarding Plaintiff's argument that there is a significant delay in compensation, this Court finds the awarded fees adequately compensate counsel for any delay in receiving attorney fees arising from the contingency agreement.  *See Base v. FCA US, LLC*, 2020 WL 363006 (N.D. Cal. Jan. 22, 2020). Accordingly, the Court awards the lodestar with no positive multipliers.

**C. Costs**

Plaintiff requests $499 in costs/expenses for filing Plaintiff's case.  Defendant does not contest this request.  This Court finds this request valid and grants Plaintiff costs in the amount of $499.

**D. Calculation of Fees and Costs**

Having stricken the entirety of time Plaintiff requested for working on the present motion, the Court is left with 51.7 claimed hours of billed work.  Further deducting the amounts listed above in Sections B(2)(b)-(e), Plaintiff is left with 41.5 hours.

Hours:      41.5
Rate:       $510/hr
Multiplier:  0
Total Fees:  $21,165
Costs:       $495
**TOTAL FEES AND COSTS: $21,660**.

**E. Motion to File Under Seal**

Plaintiff moved to file portions of its pleadings on the subject motion under seal on the grounds that it is necessary to preserve the confidentiality of the settlement agreement agreed to by the parties.  The Court finds that, to the extent the pleadings discuss or disclose terms of the settlement agreement, good cause exists to permit filing under seal.  Accordingly, the motions to seal are granted.  Redacted versions of the aforementioned documents have been filed on the public docket.  The Clerk is directed to file unredacted versions of the documents and exhibits lodged at Docket Numbers 13, 15, and 21 under seal.

### III.  CONCLUSION

The Motions to File Under Seal are granted.  The Motion for Attorney's Fees is granted-in-part.  The Court awards Plaintiff $21,660 in attorney's fees and costs.

**IT IS SO ORDERED.**

DATED: December 7, 2021

**ROGER T. BENITEZ**
United States District Judge